## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARC BEAUMONT
    Plaintiff,

v.

Case No.

_lo:11-cv- 1865 OLL - 19KRS_

THE BANK OF NEW YORK MELLON, AS
SUCCESSOR TRUSTEE UNDER NOVASTAR
MORTGAGE FUNDING TRUST 2005-3;
NOVASTAR MORTGAGE INC.; REGINA ALEXANDER; SAXON
MORTGAGE SERVICES, INC.; MOSKOWITZ,
MANDELL, SALIM & SIMOWITZ P.A.; SCOTT
E. SIMOWITZ; JOSHUA C. KLIGLER; GABRIEL
D. PINILLA; ARTHUR E. LEWIS; and TODD A.
ARMBRUSTER
    Defendants.

## COMPLAINT

Plaintiff, MARC BEAUMONT, hereby sues Defendants, THE BANK OF NEW YORK

MELLON, AS SUCCESSOR TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING

TRUST 2005-3; NOVASTAR MORTGAGE INC.; REGINA ALEXANDER; SAXON

MORTGAGE SERVICES, INC.; MOSKOWITZ, MANDELL, SALIM & SIMOWITZ P.A.;

SCOTT E. SIMOWITZ; JOSHUA C. KLIGLER; GABRIEL D. PINILLA; ARTHUR E.

LEWIS; & TODD A. ARMBRUSTER.

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Real Estate

Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq.; for damages for violations of the

Truth in Lending Act (TILA)15 U.S.C. §1641 et seq.; for damages for violations of the Fair Debt

Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and for damages for violations of

the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI). and for

violation of my rights and declaratory and injunctive relief.

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1692; and

28 U.S.C.§1331.

3.  Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4.  This is an action for damages which exceed $75,000.00.

5.  Plaintiff, Marc Beaumont, a people of Florida, is domiciled on the State of

    Florida.

6. Defendant, THE BANK OF NEW YORK MELLON, AS SUCCESSOR TRUSTEE

    UNDER NOVASTAR MORTGAGE FUNDING TRUST 2005-3 ("BNYM."), is a

    Delaware Corporation, not appearing to be authorized to do business in Florida.

7. NOVASTAR MORTGAGE INC., Original Servicer ("Novastar")

8. SAXON MORTGAGE SERVICES INC., Alleged Current Servicer  ("Saxon");

9. REGINA ALEXANDER ("Alexander") is Ass. Vice Pres for Saxon and BNYM .

10. MOSKOWITZ, MANDELL, SALIM & SIMOWITZ P.A. ("Law Firm") is a Florida

law firm.

11. SCOTT E. SIMOWITZ ("Simowitz") is an Attorney for the "Law Firm".

12. JOSHUA C. KLIGLER ("Kligler") is an Attorney for the "Law Firm".

13. GABRIEL D. PINILLA ("Pinilla") is an Attorney for the "Law Firm".

14. ARTHUR E. LEWIS ("Lewis") is an Attorney for the "Law Firm".

15. TODD A. ARMBRUSTER ("Armbruster") is an Attorney for the "Law Firm"

16. All conditions precedent to the bringing of this action have been performed, waived or excused.

17. Plaintiff contends that Defendants have conspired and most likely have committed a fraudulent act in order to wrongfully foreclose with total disregard for Federal and State laws.

18. Plaintiff contends that Defendants have created and caused fraudulent documents to be filed into the Volusia County Circuit Court bringing a cause of action hoping to gain a cause of action giving the appearance that there is a legal foreclosure going on while some or all of the Defendants continue to break the law.

19. Plaintiff contends that this is common practice by some or all Defendants nationwide and that some or all Defendants are under investigation by the U.S. Department of Justice and the Attorneys General of both the United States and Florida.

## FACTUAL ALLEGATIONS

20. On or about February 26, 2007 Novastar through their attorneys, Law Firm filed a complaint for foreclosure in Volusia County, Florida against the Plaintiff. The complaint was signed by Simowits.

21. On or about March 16, 2007 Plaintiff was served a summons and complaint from Novastar attempting to foreclose on the Plaintiffs property failing to endorse summons with the certified or special process server number as mandated by Florida Statute.

22. Novastar failed to claim within its General Allegations that it had acquired the right to enforce the Note and Mortgage from the Party entitled to enforce the Note.

23. On line 8 of the same General Allegations Novastar claims to be the owner and holder of the Note and Mortgage failing to state how it acquired the rights to enforce the subject Note and Mortgage.

24. On or about August 22, 2007 Plaintiff's counsel filed an amended affidavit of proof dated August 15, 2007. Tonya Alvarez (affiant) was named on an amended affidavit of proof which is confusing at least, being that Nancy Cunningham (affiant) was named also on the same AFFIDAVIT and signed it. Poor fabrication and evidence of fraudulent activity at the very least. (Exhibit "A").

25. On or about August 23, 2007 Plaintiff filed a second amended complaint stating on line 31 that Plaintiff "Now owns and holds the Note and Mortgage" conflicting with line 32 that states that "The Original Note was "LOST" or misplaced by Plaintiff and are not in the possession, custody or control of Plaintiff".

26. On or about July 21, 2010, about two and a half years after the filing of the complaint, and just prior to the Lack of Prosecution deadline Plaintiff's councel filed a Substitution of Party Plaintiff naming BNYM and filed a bogus unrecorded assignment that was prepared by Plaintiff's councel showing an assignment from original alleged lender NOVASTAR HOME MORTGAGE INC. to NOVASTAR MORTGAGE INC. "Novastar" failing to show an assignment to the substitute party Plaintiff BNYM signed by know Robo Signer Tonya Alvarez. (Exhibit "B").

27. In the Motion to substitute Party Plaintiff and to amend case style filed July 21, 2010 Plaintiff states on line 3 that Novastar sold and assigned the aforementioned "LOST NOTE" and obviously Bifurcated Mortgage to BNYM with no notice of assignment to Plaintiff or recording in public County records.

28. An inspection of the assignment shows that Novastar Home Mortgage Inc., Novastar and Law Firm all share the same Ft. Lauderdale address, when in fact Novastar Home Mortgage Inc. was located in California and Novastar Mortgage Inc. was located in Missouri.

b) Vice President of The Bank of New York Mellon, as Successor Trustee Under Novastar Funding  Trust 2005-3

c) Vice President of Deutsche Bank

d) Attorney in Fact for Saxon Mortgage Servicing Inc.

e) Attorney in Fact for Deutsche Bank

36. Alexander signs many different job titles on mortgage-related documents, often using different titles on the same day. She often signs as an officer of MERS ("Mortgage Electronic Registration Systems, Inc.") She often signs documents with other large Banks, such as BNYM, Deutsche Bank and Saxon which is a servicing Company, also signing as Attorney-In-Fact for same holding high ranking positions with many of the largest Banks in the U.S..

37. An examination of the Securities and Exchange Commission's website reveals that the Novastar Mortgage Funding Trust, series 2005-3  section A-16 of the Pooling and servicing agreement in which the Plaintiff's mortgage was allegedly securitized had a closing date of September 22, 2005.That means the actual assignment of mortgage had to take place prior to the day of the closing as required by the Trustee and the insurance carrier or the Trust would have been in violation of Regulation AB, Item 1122(d)(4)(ii).

38. Under IRS Code section 856 (e)(5) within 90 days of the signing of the Note and Mortgage the alleged lender was obligated to enter said into the R.E.M.I.C. and failed to do so. Therefore the failure to do so created a $50,000.00 civil penalty on the Bank for not complying. Since this was not done their Tax exempt status was lost in violation of IRS Code 857 which leaves them 100% liable for the Tax on the Face Value of the Transaction. A mandatory special Return and notice (Statement of Election) attached with the Note and Mortgage was not filed showing the IRS that the property was a foreclosure property, and this was not done as mentioned in Mortgage Document Examination and Investigation report (Exhibit "C") page 6,

paragraph 2 and is in Violation of Treasury Regulation 1.856 (f)(11) and 1.860 (e)(3). Now this makes the transaction prohibited by the lender bank and holds the Trustee and Co-Trustees responsible for major tax violations and tax evasion. And because Property, with respect to which a default is anticipated, planned for and intended, falls right into Improper Knowledge with Unclean Hands which is a prohibited transaction in Violation of the Statute of Frauds.

39. An Adverse Claim: means a claim that a claimant has a property interest in a financial asset and that it is a violation of the rights of the claimant for another person to HOLD, TRANSFER or DEAL with the financial asset. This is the reason why nothing was transferred to the R.E.M.I.C..

40. The actual Servicing and Pooling agreement can be found at the following website: "http://www.secinfo.com/d14D5a.z61ah.c.htm".

41. Plaintiff never received notice of transfer or assignment from the Defendant which is a violation both State and Federal law and a breach of agreement.

42. Plaintiff sent an e-mail to the 'Law Firm" naming, Simowitz, , Kligler, Pinilla, Lewis, and Armbruster, notifying them that the Plaintiff had no standing to foreclose and that this was an illegal foreclosure.

43. Simowitz is a Partner at Moskowitz, Mandell, Salim & Simowitz, P.A., and has responsibility for the actions of the firm, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiff. He has **overseen the violations of FDCPA** and chosen to ignore his responsibilities in rectifying these problems.

44. Kligler is an Attorney at Moskowitz, Mandell, Salim & Simowitz, P.A. and has signed documents filed into the foreclosure case against Plaintiff.

45. Pinilla is an Attorney at Moskowitz, Mandell, Salim & Simowitz, P.A, and has signed documents filed into the foreclosure case against Plaintiff.

46. Lewis is an attorney at Moskowitz, Mandell, Salim & Simowitz, P.A, and has signed documents filed into the foreclosure case against Plaintiff.

47. Armbruster is an attorney at Moskowitz, Mandell, Salim & Simowitz, P.A, and has signed documents filed into the foreclosure case against Plaintiff.

48. **On March 19, 2007, and APRIL 12, 2007** Plaintiff sent a letter (RESPA letter) by certified mailings to Defendant Novastar, and on **MARCH 10, 2011** Plaintiff sent a letter (RESPA Letter) by certified mail to Saxon, and on **JANUARY 19, 2011** Plaintiff sent a letter (RESPA Letter) by certified mail to substitute Party BNYM.  These letters demanded certain documents and the answer to several questions regarding the servicing of Plaintiff's mortgage.

49. **Defendants Novastar, Saxon, BNYM  have not responded to the RESPA letters.**

**COUNT 1**
**VIOLATION OF REAL ESTATE SETTLEMENT**
**PROCEDURES ACT (RESPA), 12 U.S.C. §2605**
**BY DEFENDANTS NOVASTAR; SAXON; BNYM**

50. Paragraphs 1 through 49 are realleged as though fully set forth herein.

51. Defendants Novastar; Saxon, BNYM of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

52. Plaintiff's written requests for information about his account and correction of Defendants' numerous errors were "qualified written requests" within the meaning of RESPA.

53. Novastar; Saxon; BNYM deliberately failed to respond in a proper and timely way to Plaintiff's "qualified written requests" for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

WHEREFORE, Plaintiff commands judgment against Novastar; Saxon; BNYM for actual, statutory, treble and punitive damages as allowed by law, and attorney's fees and costs, along with any other and further maximum relief as the court deems just and proper, pursuant to12 U.S.C. §2605.

## COUNT II
### VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641 BY DEFENDANTS NOVASTAR; SAXON; BNYM

54. Paragraphs 1 through 53 are realleged as though fully set forth herein.

55. A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g):

(1) In general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

56. None of these condition precedents were met.

57. PUBLIC LAW 111-203 - TRUTH IN LENDING ACT, AMENDMENT - JULY 21, 2010

DODD-FRANK WALL STREET REFORM AND CONSUMER PROTECTION ACT

SEC. 1413. DEFENSE TO FORECLOSURE.

Section 130 of the Truth in Lending Act (15 U.S.C. 1640) is amended by adding at the end the following new subsection:

'(k) Defense to Foreclosure-

'(1) IN GENERAL- Notwithstanding any other provision of law, when a creditor, assignee, or other holder of a residential mortgage loan or anyone acting on behalf of such creditor, assignee, or holder, initiates a judicial or nonjudicial foreclosure of the residential mortgage loan, or any other action to collect the debt in connection with such loan, a consumer may assert a violation by a creditor of paragraph (1) or (2) of section 129B(c), or of section 129C(a), as a matter of defense by recoupment or set off without regard for the time limit on a private action for damages under subsection (e).'

'(2) AMOUNT OF RECOUPMENT OR SETOFF-

'(A) IN GENERAL- The amount of recoupment or set-off under paragraph (1) shall equal the amount to which the consumer would be entitled under subsection (a) for damages for a valid claim brought in an original action against the creditor, plus the costs to the consumer of the action, including a reasonable attorney's fee.'

'(B) SPECIAL RULE- Where such judgment is rendered after the expiration of the applicable time limit on a private action for damages under subsection (e), the amount of recoupment or set-off under paragraph (1) derived from damages under subsection (a)(4) shall not exceed the amount to which the consumer would have been entitled under subsection (a)(4) for damages computed up to the day preceding the expiration of the applicable time limit.'.

WHEREFORE, Plaintiff commands judgment for damages against Novastar; Saxon; BNYM for actual and statutory damages, and punitive damages as allowed by law, attorney's fees and costs, along with any other and further maximum relief as the court deems just and proper, pursuant to 15 U.S.C. §1640(a).

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS NOVASTAR; SAXON; BNYM; ALEXANDER; MOSKOWITZ, MANDELL, SALIM & SIMOWITZ P.A.; SCOTT E. SIMOWITZ; JOSHUA C. KLIGLER; GABRIEL D. PINILLA; ARTHUR E. LEWIS; & TODD A. ARMBRUSTER.

58. Paragraphs 1 through 57 are realleged as though fully set forth herein.

59. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692(a)(3).

60. Defendants Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz; Kligler; Pinilla; Lewis; Armbruster;  are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692(a)(6).

61. Defendants Novastar; Saxon; BNYM; Alexander;  Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated the FDCPA. Defendants' violations include, but are not limited to the following:

    (a) Defendant Novastar; Saxon; BNYM; Alexander;  Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(d) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

    (b) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(e)(2) by falsely representing the character, amount, or legal status of any debt.

    (c) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(e)(5) by threatening and did take actions that they could not legally take without the ruse and falsities committed upon the Plaintiff.

    (d) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(e)(5) by stating numerous times that they were the lawful owners in interest of the debt or empowered to

speak on behalf of the owner in interest, yet knew or should have known that they were not.

(e) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(e)(6) by sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

(f) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(e)(7) by sending false correspondence to Plaintiff and third persons and assisting in the filing of an unlawful foreclosure action in the circuit court.

(g) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(e)(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(h) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(e)(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(i) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. 1692(f) by engaging in unfair and deceptive means and attempts to collect the alleged debt .

(j) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(f)(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(k) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(f)(6) taken or threatened to unlawfully repossess or disable the consumer's property.

(l) Defendant Novastar; Saxon; BNYM; Alexander;  Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C. §1692(g) by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(m) Defendant Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; violated 15 U.S.C § 1692(g)(b) by failing to investigate Plaintiffs' repeated disputes, including but not limited to those disputes that were made through counsel, and validating the debt that Defendant's claimed Plaintiff owed.

WHEREFORE, Plaintiff commands judgment for damages against Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; for actual and statutory damages, attorney's fees and costs, along with any other and further maximum relief as the court deems just and proper, pursuant to 15 U.S.C. §1692(k).

## COUNT IV
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS NOVASTAR; SAXON; BNYM; ALEXANDER; MOSKOWITZ, MANDELL, SALIM & SIMOWITZ P.A.; SCOTT E. SIMOWITZ;  JOSHUA C. KLIGLER; GABRIEL D. PINILLA; ARTHUR E. LEWIS; & TODD A. ARMBRUSTER.

62. Plaintiff alleges and incorporates the information in paragraphs 1 through 61.

63. Plaintiff is a consumer within the meaning of §559.55(2).

64. Novastar is a debt collector within the meaning of §559.55(6).

65. Saxon is a debt collector within the meaning of §559.55(6).

66. BNYM is a debt collector within the meaning of §559.55(6).

67. Alexander is a debt collector within the meaning of §559.55(6).

68. Law Firm is a debt collector within the meaning of §559.55(6).

69. Simowitz is a debt collector within the meaning of §559.55(6).

70. Kligler is a debt collector within the meaning of §559.55(6).

71. Pinilla is a debt collector within the meaning of §559.55(6).

72. Lewis is a debt collector within the meaning of §559.55(6).

73. Armbruster is a debt collector within the meaning of §559.55(6).

74. All Defendants violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

**WHEREFORE,** Plaintiff commands judgment for damages against Novastar; Saxon; BNYM; Alexander; Law Firm; Simowitz ; Kligler; Pinilla; Lewis; Armbruster; for actual and statutory damages, and punitive damages, attorney's fees and costs, along with any other and further maximum relief as the court deems just and proper,  pursuant to Fla. Stat. §559.77.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: November 18, 2011

Respectfully submitted,

By: _____

Marc Beaumont
1122 Meditation Loop
Port Orange, Florida 32129
386-760-5905
386-846-0249 cell
mbpromo6@hotmail.com