*Exhibit*

*A*

IN THE CIRCUIT COURT OF THE
7TH JUDICIAL CIRCUIT, IN AND
FOR VOLUSIA COUNTY, FLORIDA.

CASE NO.  2007-30465 CICI

NOVASTAR MORTGAGE, INC.,

      Plaintiff,

vs.

MARC D. BEAUMONT; ___, AS THE UNKNOWN
SPOUSE OF MARC D. BEAUMONT, IF ANY; JOHN
DOE, OR ANY OTHER PERSON IN POSSESSION;
BENNETT'S HAMMOCK HOMEOWNERS'
ASSOCIATION, INC.; All Unknown Parties Claiming By,
Through, Under Or Against The Named Defendants,
Whether Living Or Not, And Whether Said Unknown
Parties Claims As Heirs, Devisees, Grantees,
Assignees, Lienors, Creditors, Trustees, Or In Any Other
Capacity, Claiming By, Through Under Or Against The
Named Defendants,

      Defendants.
_____/

## AMENDED AFFIDAVIT OF PROOF

STATE OF MISSOURI     )
                       ) SS.
COUNTY OF JACKSON    )

    **BEFORE ME**, the undersigned authority, personally appeared Tonya Alvarez, who, after having

been by me first duly sworn, deposes and states:

    1.  My name is Nancy Cunningham, and I am ⎽FORECLOSURE SPECIALIST⎽ of

NOVASTAR MORTGAGE, INC., Plaintiff in the above captioned matter and hereinafter referred to as

"Plaintiff".

    2.  I make this Affidavit of my own personal knowledge and in support of Plaintiff's Motion for

Final Judgment against the Defendants named in Plaintiff's complaint, hereinafter jointly referred to as

"Defendants".

    3.  I am the officer on behalf of the Plaintiff in charge of the collection of the monies due and

owing herein and the foreclosure of the mortgage.  In addition, I am the custodian of the records on behalf

of the Plaintiff with regard to this matter.

2704.20

4. On or about August 15, 2005, the Defendant(s), MARC D. BEAUMONT executed and delivered that certain Negotiable Promissory Note (hereinafter referred to as the "Note") to Plaintiff in VOLUSIA County, Florida. A true and correct copy of the Note is attached to the Complaint filed herein and incorporated into this Affidavit by reference.

5. The Note was secured by a Mortgage (hereinafter referred to as the "Mortgage" dated August 15, 2005 which was executed by the Defendant(s). The Mortgage was recorded on September 12, 2005 in Official Records Book 5647, Page 592, of the Public Records of VOLUSIA County, Florida and mortgaged the following described real property, hereinafter referred to as the "Land" which land was then owned by and in the possession of the Defendants. A true and correct copy of the Mortgage is attached to the Complaint filed.

PARCEL 1: LOT 14, TRACT II, BENNETTS HAMMOCK REPLAT, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 42, PAGES 138, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.
Street Address: 1122 MEDIATION LOOP, PORT ORANGE, FLORIDA 32129

6. Defendant(s) have defaulted under the Note and Mortgage, by failing to pay the installment due on October 1, 2006 or any payments thereafter. As such, Plaintiff has elected to accelerate the payment of the balance.

7. Plaintiff has declared the full amount due and payable under the Note and Mortgage to be due and payable in full.

8. Plaintiff owns and holds the note and mortgage.

9. Neither the Defendant(s), nor any third party on their behalf have made any payments whatsoever to the Plaintiff since the institution of this litigation. As such, as of October 3, 2007, the Defendants are indebted to the Plaintiff in the following amounts:

| | |
|---|---|
| Principal | $141,211.83 |
| Interest at 10.650% | $ 12,000.61 |
| Late Charges | $ 352.17 |
| NSF Fee | $ 15.00 |
| Inspection Fees | $ 32.25 |
| Appraisal/Property Valuation | $ 275.00 |

Total Due and Owing
through 10/03/07                    $153,886.86

Per Diem Interest
After October 3, 2007                      $_____40.59

10. Pursuant to the terms and conditions of the Note and Mortgage, Defendants agreed that they shall be liable for and responsible to the Plaintiff for any and all attorney's fees and costs incurred by the Plaintiff in the bringing of any action to collect any of the monies due and owing the Plaintiff herein or to the foreclose the action.

11. The Plaintiff has retained the law firm of Moskowitz, Mandell, Salim & Simowitz, P.A. to represent it in this cause and has agreed and is obligated to pay it a reasonable fee for its service.

12. I make this Affidavit of my own personal knowledge. My testimony would be the same if called upon to testify at a trial of this cause.

**FURTHER, AFFIANT SAYETH NAUGHT.**

Nancy Cunningham, Affiant

THE FOREGOING AFFIDAVIT was acknowledged, sworn to and subscribed before me on this the ____15TH____ day of __AUGUST_____ , 2007, by the above-named Affiant who is (is not) personally known to me or who has produced _____ (a MISSOURI Driver License) as identification and who did before me take an oath.

> JENNIFER L. FRANKEN
> Notary Public - Notary Seal
> STATE OF MISSOURI
> Jackson County
> My Commission Expires: Mar 4, 2011
> Commission # 07019378

NOTARY PUBLIC IN AND FOR THE
STATE OF MISSOURI, AT LARGE

_____
Printed Name of Notary
Commission No.:_____
Commission Expires:

2704.20

*Exhibit*

*B*

This Instrument Prepared By:
Scott Simowitz, Esq.
Moskowitz, Mandell, Salim & Simowitz, P.A.
800 Corporate Drive, Suite 500
Fort Lauderdale, FL  33334

### ASSIGNMENT OF MORTGAGE

**NOVASTAR HOME MORTGAGE, INC.**, ("Assignor"), in consideration of the sum of Ten Dollars ($10.00), and other good and valuable consideration, received from or on behalf of **NOVASTAR MORTGAGE, INC.** ("Assignee"), at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto the said Assignee that certain Mortgage bearing date the 15th day of August 2005, made by Marc D. Beaumont in favor of Assignor, and recorded in Official Records Book 5647, at Page 592, of the Public Records of Volusia County, Florida, upon the following described piece or parcel of land, situate and being in said County and State, to wit:

See Legal Description Attached Hereto as "Exhibit A".

together with the promissory note described in and secured by said mortgage in the original principal sum of $142,500.00 and the monies due and to become due thereon.

TO HAVE AND TO HOLD the same unto the said Assignee, its heirs, legal representatives, successors and assigns forever.

IN WITNESS WHEREOF, the Assignor has executed this Assignment of Mortgage on this _27th_ day of _February_ _____, 2007.

WITNESSES:                                          **NOVASTAR HOME MORTGAGE, INC.**

Print Name _Tonya Alvarez_

_Virginia Thomp_                                    BY: _____
Print Name _Virginia Thompson_
                                                    Its: _____SCOTT FORST, V.P._____

STATE OF MISSOURI          )
                           ) SS:
COUNTY OF _Jackson_        )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid, to take acknowledgments, personally appeared _Scott Forst_____, _____V P_____ of NOVASTAR HOME MORTGAGE, INC. to me known to be the person described in and who executed the foregoing instrument and he/she acknowledged before me that he executed the same as the act and deed of the above-mentioned entity. He/She is: [ ] personally known to me or [ ] has produced _personal_____ as identification.

WITNESS my hand and official seal in the County and State last aforesaid this _27th_ day of _February_____, 2007.

_____
NOTARY PUBLIC

My Commission Expires:

[Seal] **JEFFREY L. HENDRIX**
Notary Public - Notary Seal
State of Missouri
County of Clay
My Commission Exp. 08/26/2007

Instrument# 2005-248754 # 16
Book: 5647
Page: 607

## SCHEDULE "A"

THE FOLLOWING DESCRIBED LOT, PIECE OR PARCEL OF LAND, SITUATE,
LYING AND BEING IN THE COUNTY OF VOLUSIA, STATE OF FLORIDA:

PARCEL 1:

1122 MEDIATION LOOP, PORT ORANGE, FLORIDA. LOT 14, TRACT II,
BENNETTS HAMMOCK REPLAT AS PER MAP RECORDED IN MAP BOOK 42, PAGE
138, PUBLIC RECORDS, VOLUSIA COUNTY, FLORIDA. PARCEL NO.

PARCEL 2:

5126 SOUTH RIDGEWORD AVENUE, PORT ORANGE, FLORIDA LOT 6, 7, 8 AND
9, EXCEPT ROAD RIGHT OF WAY BLOCK 12, ALLENDALE ACCORDING TO MAP
IN BOOK 4 PAGE 106, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

FOR INFORMATIONAL PURPOSES ONLY: THE APN IS SHOWN BY THE COUNTY
ASSESSOR AS APN: 6305-09-00-0140; SOURCE OF TITLE: DOCUMENT NO.
96210786 (RECORDED 12/12/96)

*Exhibit C*



**Member**
**American College of Forensic Examiners Institute** [SM]

# Charles J. Horner & Associates
# Forensic Document Examiners
# 4045 Bonita Road Suite 211
# Bonita, CA 91902

## Ph: 619-475-8412
## Fax: 619-475-8468

## Email:
# charles@thedocexaminer.com

Copyright Warning    The contents of this report as to form, format, language, methods and attachments are the exclusive property of Charles J. Horner & Associates. Any copying, duplication, alteration, or recalculation herein and hereof without the written consent of Charles J. Horner & Associates is strictly prohibited.

# Examination Date: 10/13/2010

## Mortgage Document Examination & Investigation Report

### For

Marc D. Beaumont

### Address

1122 Meditation Loop
Port Orange, FL 32129

## Understanding The Examination Report

**1. Sections** - There are various sections to the Examination which identifies the entity that section applies to. For example, the first section will typically be the Broker's section and identified by the broker's name if a broker was involved in the transaction. The sections between the entities are divided by two gray bars.

**2. Violations** - Violations discovered during the Examination are identified by a brief description of the statute or code which applies to the violation followed by a descriptive paragraph outlining the violation. The statute or code is in bold font and precedes the descriptive paragraph which is in normal font. There may be more than one relative law that applies to same violation. In this case, each law that applies is listed first with the descriptive paragraphs following.

**3. Referencing** – Each section is identified by the entity that the violations apply to. Each section begins a series of letters identifying the statute or the code. Example; the first statute or code would begin with (A) or (A1) if there is more than one statute or code connected with the violation. The descriptive paragraph following the statute(s) or code(s) is numbered. Example; 1. There may be more than one violation which applies to the same statutes or codes and therefore the descriptive paragraphs will be numbered accordingly. To reference a particular violation, you would note the statute such as; "under Lender (B2) paragraph 3."

**4. Gray Bars** – Each section that begins a new entity, or represents the last section before the final disclosures are divided by two gray bars. A single gray bar divides the series within a section. Example; under the broker's section, a single gray bar would divide the (A) series and (B) series. At the end of the section, two gray bars will began a new section preceding a different entity.

**5. Formats** – There are two formats offered for the Examination. The PDF format is the primary format provided to non-legal organizations or individuals. Both PDF and Word formats are provided to Attorneys.

**6. Exhibits** – Exhibits which support the findings of the Examination will be attached in the PDF format following the report. They will not be attached to the Word format if that format is requested by Attorneys.

## Disclaimer

The content of this report is for informational purposes only and is not to be construed as giving "legal advice." You are strongly advised to seek legal consultation from an attorney in connection with the content of this report. If you do not already have an attorney, at your request, we will refer this case to an attorney for you. In such case where an attorney is referred, you are advised that additional fees may be charged by the attorney and those fees may only be discussed between you and the attorney. We do not quote nor provide estimates of those fees.

# <u>Loan Information</u>

## <u>Broker</u>

No
Broker
Involved

## <u>Lender</u>

Novastar Home Mortgage
25520 Commercentre Drive, 2nd Floor
Lake Forest, CA 92630

## <u>Servicing</u>

No
Monthly
Statement
Provided

## <u>Loan Type</u>

ARM, Six-Month LIBOR
Refinance
Loan Amount: $142,500.00 @ 7.600%
Document Date: 08/15/2005
Close Date: 08/15/2005

Marc D. Beaumont                                                                    Page 1

# Examination Report

# Novastar Home Mortgage (Lender)

### Violations

**(A) Truth In Lending Act (15 USC 1601 et seq.). The purpose of TILA is to promote the informed use of consumer credit by requiring disclosures about its terms, cost to standardize the manner in which costs associated with borrowing are calculated and disclosed. TILA requires uniform or standardized disclosure of costs and charges so that consumers can shop and compare. Misleading or misrepresentation of those charges voids the consumer's ability to shop for comparable loan products that may be available through other lenders. The regulation prohibits certain acts or practices in connection with credit secured by a consumer's principal dwelling.**

**1. Understated Amount Financed** – I have compared the Finance Charges used to calculate the APR in the Final Truth In Lending Statement (Exhibit 1) with the Estimated Settlement Statement (Exhibit 2), and have determined that the Amount Financed on exhibit 1 when deducted from the loan amount of $142,500.00 reveals $6,001.66 as the amount of finance charges used to calculate the Amount Financed. When recalculating the finance charges as disclosed on exhibit 2, the resulting total is $6,538.16. Pursuant to 6500 FDIC § 226.4 which states "The finance charge is the cost of consumer credit as a dollar amount. It includes any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit." It's important to note that in a refinance loan, the lender engages third party service providers as these services are required by the lender. Therefore, pursuant to § 226.4 (a) (1) & (2), the cost of third party service providers such as escrow related costs, lender required recording fees, notary fees, title endorsements etc. or any other services required by the lender are considered a "Finance Charge" if the lender requires the use of that service. Because the lender did not include these charges, the adjusted Amount Financed is $135,961.84. Therefore, the Final Truth In Lending Statement (Exhibit 1) understates the amount of Finance Charges by the amount of $536.50. It's also important to note that pursuant to C.F.R. §226.23 (g), finance charges may not be understated by more than $100.00 for the purpose of damages or, pursuant to § 226.23 (i), $35.00 for the purpose of rescission if foreclosure proceedings have been initiated.

**2. Under Disclosure of Finance Charge** – I have investigated the Finance Charge as disclosed on the Final Truth In Lending Statement (Exhibit 1) by running a 30 year amortization schedule and have noted that the total of interest the lender will receive is $273,476.00. When added to the finances charges of $6,538.16, the total Finance Charge is $280,014.16. Therefore, the Finance Charge is under disclosed by an amount of $530.56.

**(Continued On Page 2)**

**3. Misleading Disclosure** – The Final Truth-In-Lending (Exhibit 1) states "Your loan contains a variable-rate feature. Disclosures about the variable rate feature have been provided to you earlier." However, the notice so referenced is the Adjustable Rate Program Disclosure and is dated the same date and therefore, not "earlier."

**4. Misleading Disclosure** - My examination of the Final Truth In Lending Statement (Exhibit 1) disclosed that a Prepayment Penalty **"May"** be imposed. My examination of these documents reveals a Prepayment Addendum (Exhibit 3) and states that I **"Will"** pay a prepayment charge. Therefore, the lender knew beforehand that it would be imposed, but chooses to disclose it as a possibility. This has an adverse effect on the borrower's ability to shop and compare.

**(B) FCRA 15 U.S.C. 1681 Section 212 Subsection 609(g) a lender must provide the following to the consumer as soon as reasonably practicable: 1. The current credit score of the consumer or the most recent credit score of the consumer that was previously calculated by the credit reporting agency for a purpose related to the extension of credit; 2.The range of possible credit scores under the model used; 3. All of the key factors that adversely affected the credit score of the consumer in the model used, the total number of which shall not exceed four (4), unless a key factor that adversely affects the consumer's credit score consists of the number of enquiries made with respect to a consumer report. In this case, then five (5) key factors may be listed; 4. The date on which the credit score was created and; 5. The name of the person or entity that provided the credit score or credit file upon which the credit score was created.**

**1. Failure To Disclose** – Pursuant to this section the lender must provide the most recent credit score the lender used to make an underwriting decision. I have noted that the lender did not provide the credit scores on the document titled "Credit Score Disclosure."

**(C) 15 U.S.C. § 1681s-2] (A) 7 NOTICE TO CONSUMER REQUIRED- (i) IN GENERAL- If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.**

**1. Failure To Disclose** – The lender has a one-time duty under this section of the FCRA to provide a notice to the consumer that they have or will furnish negative information to a consumer reporting agency. Typically, a lender will provide this notice along with the other disclosures at the time of loan consummation. I have concluded that no disclosure titled "Furnishing Of Negative Information" was provided to the borrower at any time during the processing of this loan. Thus, it is highly likely that if the lender has reported negative information with the credit repositories, they have done so in violation of this section.

**(Continued On Page 3)**

**(D) 15 USC, Subchapter I, Gramm-Leach-Bliley Act. Disclosure of Nonpublic Personal Information Sec. 6803. Disclosure of institution privacy policy (a) Disclosure required. At the time of establishing a customer relationship with a consumer and not less than annually during the continuation of such relationship, a financial institution shall provide a clear and conspicuous disclosure to such consumer, in writing or in electronic form or other form permitted by the regulations prescribed under section 6804 of this title, of such financial institution's policies and practices with respect to; (1) disclosing nonpublic personal information to affiliates and nonaffiliated third parties, consistent with section 6802 of this title, including the categories of information that may be disclosed;**

**1. Failure To Disclose** - I have concluded that the borrower was not provided the "Privacy Pledge" disclosure or the required "Privacy Choices" disclosure pursuant to the above subsections.

**(E) 6500 - FDIC Consumer Protection Paragraph 19 (b) (2) (viii). 2. Selection of index values. The historical example must reflect the method by which index values are determined under the program. If a creditor uses an average of index values or any other index formula, the history given should reflect those values. The creditor should select one date or, when an average of single values is used as an index, one period and should base the example on index values measured as of that same date or period for each year shown in the history. A date or period at any time during the year may be selected, but the same date or period must be used for each year in the historical example. For example, a creditor could use values for the first business day in July or for the first week ending in July for each of the 15 years shown in the example.**

**1. Failure To Disclose** - Pursuant to this section, the lender must provide the borrower with historical index values when the loan is an adjustable rate loan and adjustments are based on an index. There is no existing evidence in the documents provided to me that this disclosure was ever given to the borrower.

**(F) 24 CFR 3500.6(a). Requires certain disclosures such as but not limited to, Servicing Transfer, Adjustable Rate Booklet, Right to Copy of Appraisal, Federal Equal Opportunity, and various other exhibits to be provided to the borrower.**

**1. Failure To Disclose** - My inventory of the documents that were provided to the borrower has revealed that the required disclosures pursuant to this section were not provided to the borrower at any time during the process of this loan.

**(Continued On Page 4)**

Marc D. Beaumont                                                    Page 4

## Lender's First Choice (Settlement Agent)

### Violations

**(A) RESPA § 3500.10 - One-day advance inspection of HUD–1 or HUD–1A settlement statement; delivery; record keeping. (a)** *Inspection one day prior to settlement upon request by the borrower.* **The settlement agent shall permit the borrower to inspect the HUD–1 or HUD–1A settlement statement, completed to set forth those items that are known to the settlement agent at the time of inspection, during the business day immediately preceding settlement.**

**1. Failure To Provide One Day Inspection** – Pursuant to this section, the Settlement Agent must offer, at the request of the borrower, a one day inspection prior to the settlement of the transaction. "Settlement," as defined, means "the process of executing legally binding documents regarding a lien on property that is subject to a federally related mortgage loan." I have noted that the borrower in this transaction was not informed of their right to an advanced copy, nor offered an advance review of the final settlement statement prior to executing the legally binding documents.

## Foreclosure Investigation

**(A1) 701.02 f.s Assignment Of Mortgages not effectual against creditors unless recorded and indicated in title of document; applicability. (1) An ASSIGNMENT of a mortgage upon real property or of any interest therein, is not good or effectual in law or equity, against creditors or subsequent purchasers, for a valuable consideration, and without notice, unless the ASSIGNMENT is contained in a document that, in its title, indicates an ASSIGNMENT of mortgage and is recorded according to law.**

**(A2) UCC §3-305. "for the note to be enforced, the person who asserts the status of the holder must be in possession of the instrument."** *See* **UCC § 1-201 (20) and comments.**

**(Continued On Page 5)**

*Exhibit*
*C*
*Page 6*
*Para 1*

Marc D. Beaumont                                                                    Page 5

**1. No Recorded Assignments Of Mortgage** – Contained in the court documents provided to me was an Assignment Of Mortgage (Exhibit A) prepared by Scott Simowitz. Esq. who is identified as counsel for Plaintiff, Novastar Home Mortgage Inc. in a foreclosure case against Marc D. Beaumont defendant. This assignment alleges to convey the security instrument from Novastar Home Mortgage Inc. as "Assignee" to Novastar Mortgage Inc. (Assignor). My search of Volusa County public records on 12/02/2010 did not return a recorded Assignment Of Mortgage from the aforementioned Assignor to the Assignee. I have further noted that counsel for the plaintiff later substituted Bank Of New York Mellon as party plaintiff in place and stead of Novastar Mortgage. My search of public records did not produce an Assignment Of Mortgage to that entity either. Pursuant to paragraph (G) on page 2 of the document, the "Loan" means a debt evidence by the Note (Exhibit B) and on page 3 of this document (Exhibit C) under "Transfer Of Rights In The Property" the statement is made that "This Security Instrument secures to lender, the repayment of the loan." Therefore, the loan, "Note" does not survive without the related security instrument and visa versa. I have also noted a Supplemental Affidavit Of Proof (Exhibit D) executed by affiant Nancy Cunningham for Novastar Mortgage Inc. who stated on line 10 that the original note was lost or misplaced by plaintiff and is not in the possession of plaintiff. Now we have a case whereby the security instruments were not assigned to a plaintiff who is not in possession of the note. Even an Affidavit Of Lost Note would not survive the UCC means test for proof of standing to enforce the promise. Furthermore, how can one entity convey a note and security instrument to a substitute entity when one instrument is not in their possession and the other is not in their name and both are obviously not together resulting in a chain of title that is seriously clouded?

*Exhibit*
*C*
*PAGE 6*
*PARA 2*

**2. Wrong Securities** – I have investigated the substitute plaintiff, The Bank Of New York Mellon under NovaStar Mortgage Funding Trust/Series 2005-3, with the Security Exchange Commission (SEC) filings and have discovered that there is no match of the loan number 247951 which is the loan number applicable to this loan with this particular security. There were a total of six filings under Novastar for 2005 and none of which matched the subject loan number. Therefore, it appears that this loan was not securitized. My investigation of Mortgage Electronic Registration Systems (MERS) has disclosed that the last transaction they recorded in their system was to JPMorgan Chase as Trustee (Exhibit E). One would assume that this was a transfer to the securities since JPMorgan Chase was the original Trustee. I have noted that MERS is no longer involved with this loan as evidenced by the "inactive" statement on exhibit E. If this was a transfer of interest to the securities Trustee, someone forgot to record an Assignment Of Mortgage evidencing the transaction. Furthermore, pursuant to the Pooling And Servicing Agreements associated with all 6 of the securities registered in 2005, the security instrument together with the note must be transferred to the Trustee before the closing date of the related securities which they obviously were not.

**(Continued On Page 6)**

**Disclosure:** I have completed my examination and investigation of the mortgage documents for which you have engaged me. The scope of my examination is to determine the accuracy and compliance with Federal, State, and local laws as they may apply to your loan(s). I pay particular attention to discovery of evidence that would support legal action against the current lender(s) to either modify, or rescind the existing loan(s), or in the event of an executed foreclosure, overturn the action. The recommendations and opinions entered herein by me are not intended as legal advice or counseling. I strongly advise that you consult with an attorney in matters related to this examination and the report hereof.

Thank you for your business. I look forward to being of further service.

Charles J. Horner, ACFEI, CREB
Chief Examiner

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Loan Number: 05-247951  Date: AUGUST 15, 2005

Creditor: HOMESTAR HOME MORTGAGE, INC.

Address: 25520 Commercentre Drive 2nd Floor, Lake Forest, CALIFORNIA 92630

*LA $143 000 —*
*110%*

Borrower(s): MARC D. BEAUMONT

Address: 1122 MEDITATION LOOP, PORT ORANGE, FLORIDA 32129

Lines combining an "x" are applicable:

*(1) 6,001.66 - 6,538.16 = 536.50 under*

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| *under* 9.501 .1030 9.393 % | *under 530.96* $ 280,011.16 279,483.60 | $ 136,498.34 | $ 415,981.94 ✓ |

**PAYMENTS:** Your payment schedule will be:

| Number of Payments | Amount of Payment** | When Payments Are Due Monthly Beginning | Number of Payments | Amount of Payment** | When Payments Are Due | Number of Payments | Amount of Payment** | When Payments Are Due Monthly Beginning |
|---|---|---|---|---|---|---|---|---|
| 24 | 1,006.16 | 10/01/05 | | | | | | |
| 335 | 1,166.15 | 10/01/07 | | | | | | |
| 1 | 1,173.85 | 09/01/35 | | | | | | |

*9.35%* handwritten annotations: *24,147.84 — 24,147.84 Int*
*390,000.00 — 390,000.00*
*1,173.85 — 415,980.00 total Int*
*415,981.94 ✓*

*Index 4.030*
*Margin 5.300*
*9.330*

____ DEMAND FEATURE: This obligation has a demand feature.

X VARIABLE RATE FEATURE: Your loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.

INSURANCE: The following insurance is required to obtain credit:
____ Credit life insurance and credit disability  X Property insurance  ____ Flood insurance  ____ Private Mortgage Insurance
You may obtain property insurance from any insurer that is acceptable to the Lender.

SECURITY: You are giving a security interest in: 1122 MEDITATION LOOP, PORT ORANGE, FLORIDA 32129
____ The goods or property being purchased  X Real property you already own.

FILING FEES: $

LATE CHARGE: If payment is more than 15 days late, you will be charged 5.000 % of the payment.

PREPAYMENT: If you pay off early, you
X may ____ will not have to pay a penalty.
____ may X will not be entitled to a refund of part of the finance charge.

ASSUMPTION: Someone buying your property
____ may ____ may, subject to conditions  X may not assume the remainder of your loan on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

"*" means an estimate  ____ all dates and numerical disclosures except the late payment disclosures are estimates.

Each of the undersigned acknowledges receipt of a complete copy of this disclosure. The disclosure does not constitute a contract or a commitment to lend.

Applicant MARC D. BEAUMONT _____ Date _____  Applicant _____ Date _____

*Exhibit 1*

**SETTLEMENT STATEMENT (Transactions Without Sellers)**

File Number: 32-01521654   Loan Number: 09-247981   Mortgage Ins. Case #:

NAME AND ADDRESS OF BORROWER: MARC D. BEAUMONT, 1121 MEDITATION LOOP PORT ORANGE FL, 32129-5514

NAME AND ADDRESS OF LENDER: NOVASTAR HOME MORTGAGE 23500 COMMERCENTRE DRIVE, 3RD FL LAKE FOREST, CA, 92630

PROPERTY LOCATION: 1121 MEDITATION LOOP PORT ORANGE FL, 32129-5514

SETTLEMENT AGENT: LENDERS FIRST CHOICE             ESTIMATE
   PLACE OF SETTLEMENT: 3900 ROYAL AVE. SIMI VALLEY CA 93063

SETTLEMENT DATE: 08/12/2005             DISBURSEMENT DATE: 08/12/2005

| L. SETTLEMENT CHARGES | | M. DISBURSEMENT TO OTHERS | |
|---|---|---|---|
| 800. Items Payable In Connection With Loan | | 1501. MORTGAGE PAYOFF  ESTIMATE | |
| 801. Loan Origination Fee TO NOVASTAR HOME MORTGAGE | ✱ $2,360.00 | WILSHIRE CREDIT CORP | $98,058.00 |
| 802. Loan Discount | | 1502. | |
| 803. Appraisal Fee TO NOVASTAR HOME MORTGAGE | ✱ $300.00 | | |
| 804. ADMIN FEE TO NOVASTAR HOME MORTGAGE | ✱ $429.00 | 1503. | |
| 805. DOC FEE TO NOVASTAR HOME MORTGAGE | ✱ $125.00 | | |
| 806. APPLICATION FEE TO NOVASTAR HOME MORTGAGE | ✱ $100.00 | 1504. | |
| 807. Processing Fee to NOVASTAR | $495.00 | | |
| 808. Underwriting Fee to NOVASTAR | ✱ $795.00 | 1505. | |
| 809. MERS Fee to NOVASTAR | $3.95 | | |
| 810. FLOOD CERT FEE TO NOVASTAR HOME MORTGAGE | ✱ $7.00 | 1506. | |
| 811. Tax Service Fee to NOVASTAR | ✱ $80.00 | | |
| 900. Items Required By Lender To Be Paid In Advance | | 1507. | |
| 901. Interest from 08/12/2005 TO 09/01/2005 @$22.57/DAY | ✱ $338.71 | | |
| 902. Mortgage Insurance Premium for | | 1508. | |
| 903. Hazard Insurance Premium for | | | |
| 904. | | 1509. | |
| 905. | | | |
| 1000. Reserves Deposited With Lender | | 1510. | |
| 1001. Hazard Insurance | | | |
| 1002. Mortgage Insurance | | 1511. | |
| 1003. City property taxes | | | |
| 1004. County property taxes | | 1512. | |
| 1005. Annual assessments | | | |
| 1006. | | 1513. | |
| 1007. | | | |
| 1008. Aggregate Adjustment | $0.00 | 1514. | |
| 1100. Title Charges | | 1515. | |
| 1101. Settlement or closing fee LENDERS FIRST CHOICE | ✱ $400.00 | | |
| 1102. Abstract or title search LENDERS FIRST CHOICE | $175.00 | 1516. | |
| 1103. Title examination | | | |
| 1104. Title Insurance binder | | 1517. | |
| 1105. Document preparation LENDERS FIRST CHOICE | ✱ $50.00 | | |
| 1106. Signing Fee LENDERS FIRST CHOICE | ✱ $150.00 | 1518. | |
| 1107. Attorney's Fees | | | |
| (includes above item numbers:  ) | | 1519. | |
| 1108. Title Insurance LENDERS FIRST CHOICE | $780.00 | | |
| (includes above item numbers:  ) | | | |
| 1109. Lender's coverage | | 1520. TOTAL DISBURSED (enter on line 1603) | |
| 1110. Owner's coverage | | | $98,058.00 |
| 1111. Wire Fee LENDERS FIRST CHOICE | ✱ $25.00 | | |
| 1112. Delivery Fee LENDERS FIRST CHOICE | ✱ $30.00 | | |
| 1113. ALTA 8.1 | $25.00 | N. Net Settlement | |
| 1200. Government Recording and Transfer Charges | | 1600. Loan Amount | $143,500.00 |
| 1201. Recording fees | ✱ $171.00 | | |
| 1202. City/county tax/stamps | $438.75 | 1601. Plus Check/Cash from Borrower | $0.00 |
| 1203. State tax/stamps | | | |
| 1204. INTANGIBLE TAX | $250.00 | 1602. Minus total settlement charges (Line 1400) | $8,343.91 |
| 1205. | | 1603. Minus total Disbursements to Others (line 1520) | $98,058.00 |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey | | 1604. Equals disbursements to borrower | $38,198.69 |
| 1302. Pest Inspection | | | |
| 1303. | | | |
| 1304. | | | |

✱ TILA Finance Charges ⁱ 6,538.16

Exhibit 2

# PREPAYMENT ADDENDUM TO NOTE

Loan Number: 05-247951

Date: AUGUST 15, 2005

Borrower(s): MARC D. BEAUMONT

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this 15th day of AUGUST, 2005 , and is incorporated into and shall be deemed to amend and supplement that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of NOVASTAR HOME MORTGAGE, INC., A DELAWARE CORPORATION

("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

Section 5 of the Note is amended to read in its entirety as follows:

## 5 . BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.

If the Note contains provisions for a variable interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase. If this Note provides for a variable interest rate or finance charge, and the interest rate or finance charge at any time exceeds the legal limit under which a Prepayment penalty is allowed, then the Note Holder's right to assess a Prepayment penalty will be determined under applicable law.

If within THIRTY-SIX ( 36 ) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial Prepayments, and the total of all such Prepayments in any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan, I will pay a Prepayment charge in an amount equal to SIX ( 6 ) months' advance interest on the amount by which the total of my Prepayments within any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan.

DocMagic @Forms  800-649-1362
www.docmagic.com



*Exhibit 3*

This Instrument Prepared By:
Scott Simowitz, Esq.
Moskowitz, Mandell, Salim & Simowitz, P.A.
800 Corporate Drive, Suite 500
Fort Lauderdale, FL 33334

## ASSIGNMENT OF MORTGAGE

NOVASTAR HOME MORTGAGE, INC., ("Assignor"), in consideration of the sum of Ten Dollars ($10.00), and other good and valuable consideration, received from or on behalf of NOVASTAR MORTGAGE, INC. ("Assignee"), at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto the said Assignee that certain Mortgage bearing date the 15th day of August 2005, made by Marc D. Beaumont in favor of Assignor, and recorded in Official Records Book 5647, at Page 592, of the Public Records of Volusia County, Florida, upon the following described piece or parcel of land, situate and being in said County and State, to wit:

See Legal Description Attached Hereto as "Exhibit A".

together with the promissory note described in and secured by said mortgage in the original principal sum of $142,500.00 and the monies due and to become due thereon.

TO HAVE AND TO HOLD the same unto the said Assignee, its heirs, legal representatives, successors and assigns forever.

*Exhibit A*

Instrument: #24754 # 2
Book: 5847
Page: 583

(C) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(D) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☒ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☒ Planned Unit Development Rider | ☒ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | PERMANENT RIDER TO SECURITY INST |

(E) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(F) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(G) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(H) "Escrow Items" means those items that are described in Section 3.

(I) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(J) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(K) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(L) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(M) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

*Exhibit B*

Instrument# -245754 # 3
Book: 5847
Page: 594

## TRANSFER OF RIGHTS IN THE PROPERTY



This Security Instrument secures to Lender (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the
COUNTY       of       VOLUSIA
[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.
(STATE: FLORIDA, COUNTY: VOLUSIA)

which currently has the address of 1122 MEDITATION LOOP
[Street]

PORT ORANGE                 , Florida     32129      ("Property Address"):
[City]                                    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

FLORIDA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS            DocMagic eForms 800-649-1362
Form 3010 1/01                         Page 3 of 16                              www.docmagic.com

*Exhibit C*

4.   On or about August 15, 2005, the Defendant(s), MARC D. BEAUMONT executed and delivered that certain Negotiable Promissory Note (hereinafter referred to as the "Note") to Plaintiff in VOLUSIA County, Florida.   A true and correct copy of the Note is attached to the Complaint filed herein and incorporated into this Affidavit by reference.

5.   The Note was secured by a Mortgage (hereinafter referred to as the "Mortgage") dated August 15, 2005 which was executed by the Defendant(s).  The Mortgage was recorded on September 12, 2005 in Official Records Book 5647, Page 592, of the Public Records of VOLUSIA County, Florida and mortgaged the following described real property, hereinafter referred to as the "Land" which land was then owned by and in the possession of the Defendants. A true and correct copy of the Mortgage is attached to the Complaint filed.

PARCEL 1: LOT 14, TRACT II, BENNETTS HAMMOCK REPLAT, ACCORDING TO
THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 42, PAGES 138,
PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.
Street Address: 1122 MEDIATION LOOP, PORT ORANGE, FLORIDA 32129

10.   The original Note was lost or misplaced by Plaintiff and are not in the possession, custody or control of Plaintiff.

11.   Plaintiff was in possession of the original Note and entitled to enforce same when the loss of possession occurred.

12.   The loss of possession of the original Note was not the result of a transfer by Plaintiff or of a lawful seizure.

13.   Plaintiff cannot reasonably obtain possession of the original Note because such were destroyed, their whereabouts cannot presently be determined, or they are in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

14.   The Plaintiff knows of no parties, except the Defendants herein who have any interest as to the re-establishment of the Note.

15.   Pursuant to the terms and conditions of the Note and Mortgage, Defendants agreed that they shall be liable for and responsible to the Plaintiff for any and all attorney's fees and costs incurred by the Plaintiff in the bringing of any action to collect any of the monies due and owing the Plaintiff herein or to the foreclose the action.

2PM 20

*Exhibit D*



*Process Loans, Not Paperwork!™*

**www.mers-servicerid.org**

**1 record matched your search:**

MIN: 1003360-9004121176-8    Note Date: 08/15/2005        MIN Status: Inactive

Servicer:  <u>Novastar Mortgage, Inc.</u>                          Phone: (816) 237-7000
           Kansas City, MO

Investor:  JP Morgan Chase Bank as Trustee                 Phone: (713) 427-6491
           Houston, TX

<u>Return to Search</u>

**For more information about MERS please go to** <u>www.mersinc.org</u>

Copyright© 2006 by MERSCORP, Inc.

*American College of Forensic Examiners Institute*

*recognizes*

*Charles J. Horner*

*as a*

*Member*

*with all the rights and privileges pertaining thereto, as long as annual membership requirements
are met and the principles of professional practice are upheld.*

Robert L. O'Block, M.Div., Ph.D., Psy.D., D.Min.
Founder & Chief Executive Officer

Cyril Wecht, MD, JD, FACFEI, DABFM, DABFE, CMI-V, CFP
Chairman, Executive Board of Advisors for Professional Standards

Member since
*March 2010*

Expiration Date
*March 2011*

Identification Number
*112340*



This certificate is the property of the American College of Forensic Examiners Institute conveying competency that the individual has met the minimum requirements
to attain this credential based on specifications set forth by the American College of Forensic Examiners Institute and U.S. accreditation standards.



## The Forensic Examiner Creed

I do affirm that:
I shall investigate for the truth.
I shall report only the truth.
I shall avoid conflicts of advocacies.
I shall conduct myself ethically.
I shall seek to preserve the highest standard of my
profession.
As a Forensic Examiner, I shall not have a mone-
tary interest in any outcome of a matter in which
I am retained.
I shall share my knowledge and experience with
other examiners in a professional manner.
I shall avoid conflicts of interest and will con-
tinue my professional development throughout my
career through continuing education, seminars,
and other studies.
As a Forensic Examiner, I will express my expert
opinion based only upon my knowledge, skill, educa-
tion, training, and experience.
The light of knowledge shall guide me to the truth
and with justice the truth shall prevail.
To all these things, I affirm to uphold.

American College of Forensic Examiners Institute
www.acfei.com



## ACFEI's Principles of Professional Practice

ACFEI and its members are to remain completely objective and use their ability to serve justice by the accurate determination of the facts involved.

ACFEI members are not advocates for one side or the other. Members should not intentionally withhold or omit any findings or opinions discovered during a forensic examination, which would cause the facts to be misinterpreted or distorted.

ACFEI members should not misrepresent or overstate their credentials, education, training, expertise or membership status.

ACFEI members are expected to refrain from any conduct that would be adverse to the best interest and purpose of the ACFEI. Members are to be forever vigilant of the importance of their role and to conduct themselves only in the most ethical and professional manner at all times.

American College of Forensic Examiners Institute
www.acfei.com

*Exhibit*

*D*

August, 17 2010

SCOTT E SIMOWITZ Et al.
800 Corporate Drive
Suite 500
Fort Lauderdale, Florida 33334     Cert. Mail #     7009 2820 0000 6169 7171

Alleged Creditors: THE BANK OF NEW YORK MELLON, NOVASTAR
MORTGAGE INC., SAXON MORTGAGE SERVICES INC.

STATE OF FLORIDA     )       NOTICE TO AGENT IS NOTICE TO PRINCIPLE
                     ) SS    NOTICE TO PRINCIPLE IS NOTICE TO AGENT
COUNTY OF VOLUSIA    )

# AFFIDAVIT

The undersigned affiant, Marc D. Beaumont, a living breathing man, hereinafter the "Affiant", being first duly sworn, depose and say and declare by my signature that the following facts are true to the best of my knowledge and belief:

1.   THAT, The Affiant is competent to state the matters set forth herein.

2.   THAT, The Affiant has knowledge of the facts stated herein.

3.   THAT, All facts herein are true, correct and complete, admissible as evidence and if called upon as a witness, the Affiant will testify to their veracity with a complete Forensic examination of Mortgage Documents and Electronic forensic accounting by an Expert witness exposing the Fraud.

## Plain Statement of Facts

1.   You Scott E. Simowitz Et al. HEREAFTER, referred to as you, your, and or SCOTT E. SIMOWITZ, Et al. failed to establish in any of your papers or filings affidavits claiming ownership or Claimant(s) held the Note, or the Mortgage at the commencement of this action. In addition requests for production of documents to the purported Mortgage holder/servicer have gone unnoticed since on or about April 12 of 2007. Non response to RESPA, TILA, etc. is evidence of prior knowledge of not being the CREDITOR; therefore the foreclosure filing was

made without "Clean Hands". Non response to a direct inquiry for proof of crediting the Demand Deposit Account equates to fraud. If you are or represent the alleged TRUE CREDITOR then submit the Documentation listed below with a true bill signed under penalty of perjury under your/their full faith and credit stating exactly how much I allegedly owe and how to pay.

2.     You claim to represent a holder in due course of a debt instrument (See UCC §3-302). Your implication is there is a CREDITOR and DEBTOR. If you represent a Legal holder in due course of a TRUE debt instrument, have said "holder in due course state in plain English who the CREDITOR is and who the DEBTOR is. Do you represent the 'TRUE CREDITOR" (See *Black's Law Dictionary 6th Ed.* "TRUE") and/or represent the "INDORSEE IN DUE COURSE"? (See *Black's Law Dictionary 6th Ed.* "INDORSEE IN DUE COURSE".) If your Client does not stipulate for the record that they are the TRUE CREDITOR then you conducted a fraudulent foreclosure, attempted collection, sale and/or eviction. Have you even asked your purported client(s) if they are the TRUE CREDITOR? Answer the question Yes or No. I say you did not and know they are not. A representative or CREDITOR has only 21 days to respond.

3.     You are not representing the Legal Holder in Due Course and the Creditor in this matter and you are actually acting as a debt collector in this matter as part of a criminal conspiracy to unlawfully divest Affiant of Affiant's lawfully owned real property.

4.     You have obfuscated facts and avoided important issues and determining factors in this matter causing undue delay in achieving a just, speedy and inexpensive resolution to this matter.

5.     You have repeatedly misrepresented facts concerning Plaintiffs' standing to confuse this Court by claiming Plaintiffs are a Holder without denying or proving Plaintiffs are the Legal Holder in Due Course.

6.     You have repeatedly  misrepresented facts to confuse this Court concerning Plaintiffs' standing by appearing as the Creditor without denying or proving Plaintiffs' are the Creditor.

7.     There are no facts in evidence there was ever a risk of assets by Plaintiff and/or Plaintiffs' corporation in the matter that led to the foreclosure, and ultimately this suit.

8.     You could not have lawfully commenced a foreclosure against Affiant in the State of Florida unless Plaintiffs' are and were at the time of the commencement the Legal Holder in Due Course of the Promissory Note that was integral to the Mortgage.

10.     A "loan" has not been provided to Affiant and Affiant has not received a loan as of the date the Promissory Note was signed. The statement "In return for a loan that I have received" was false according to the Generally Accepted Accounting Principles ("GAAP") compliant accounting ledger Title page and FR 2046 showing that Plaintiff NEVER gave Affiant a loan from its new worth account before the signing of the Promissory Note or after signing the Promissory Note. Affiant did not get a "loan".

11.     Affiants Promissory Note has been altered to sell with no consent or notice to or by Affiant and the proceeds have not been credited to Affiants account of which the alleged loan would be Paid in full plus money left over. The unaltered Original Note has not been produced to this date.

12.   Plaintiff is not a real party in interest in this matter. Affiants original Mortgage Contract does not have provisions in the contract to allow purchaser of the Note to Foreclose. Strict language of the Covenants only allow the Original alleged lender to Foreclose. The definition of "Lender" in the Original Mortgage defines Lender as NOVASTAR MORTGAGE INC..Not NOVASTAR MORTGAGE INC. and/or Assigns or Successors. Therefore The Bank of New York Mellon has no right to foreclose.


I have the common law and statutory Right to INSPECT and verify that the document(s) regarding the purported Mortgage are without defect in GOOD and VALID (See *Black's Law Dictionary 6th Ed.* "GOOD and VALID") condition. I have the contractual Right to INSPECT and verify that the document(s) are without defect in GOOD and VALID condition. The purported "lender(s)" have the common law and statutory duty to keep safe ALL document(s) and maintain said documents in a manner that all requisite documents are in GOOD and VALID condition at all times. I have requested production of the following documents for my inspection so that I may be assured that the purported documents are in GOOD and VALID condition and documents have yet not been produced:


1.    The GENUINE ORIGINAL PROMISSORY NOTE (See *Black's Law Dictionary 6th Ed.* "GENUINE and ORIGINAL") signed by any and all parties in this matter; and

2.    The GENUINE ORIGINAL ALLONGE(s), as such are required by law to be firmly affixed to the other documents requested; and

3.    The GENUINE ORIGINAL MORTGAGE and/or DEED OF TRUST as specific to this matter; and

4.    The GENUINE ORIGINAL form S3 registration statement, *inclusive of the correct OMB number*, as required by the PRIVACY ACT TITLE 5 § 552(a); and

5.    The GENUINE ORIGINAL form 424(b)(5) prospectus, *inclusive of the correct OMB number*, as required by the PRIVACY ACT TITLE 5 § 552(a); and

6.    The GENUINE ORIGINAL form FR 2046 balance sheets, *inclusive of the correct OMB number*, as required by the PRIVACY ACT TITLE 5 § 552(a); and

7.    The GENUINE ORIGINAL form FR 2049 balance sheets, *inclusive of the correct OMB number*, as required by the PRIVACY ACT TITLE 5 § 552(a); and

8.    The GENUINE ORIGINAL form FR 2099 balance sheets, *inclusive of the correct OMB number*, as required by the PRIVACY ACT TITLE 5 § 552(a); and

9.    Any and all documents evidencing public recording of documents by the purported "lender(s)" pursuant to and in accordance with State Law requirements of recording transfers of title and/or deeds and/or proof of ownership of real property.

10.    The GENUINE ORIGINAL Title Page to the Mortgage Note, showing any and all assignments that will show the history of the Mortgage Note to establish chain of title.

11.    "Failure to respond" is defined as a blank denial, unsupported denial, inapposite denial, such as, "not applicable" or equivalent, statements of counsel and other declarations by third parties that lack first-hand knowledge of the facts, and/or responses lacking verification, all such responses being legally insufficient to controvert the verified statements herewith. *Sieb's Hatcheries* and *Beasley, Supra.*

12.    The Affiant is the "TRUE" Holder in due Course of the Note in question and Affiant believes that no evidence to the contrary exists.

Further, Affiant Sayeth Not.

IN WITNESS WHEREOF I hereunto set my hand and seal on this ___17___ day of August, in the year of Our Lord two thousand ten, and hereby certify all the statements made above are true, correct and complete and not misleading to the best of Affiant's knowledge and belief.


MARC D BEAUMONT
MARC D BEAUMONT, Authorized signature UCC 3-402(b)(1)

By: _~Marc duchesneau Beaumont~_, agent
marc-duchesneau (family) beaumont, Indorsee in due course, Affiant, civilian, without recourse, without prejudice, *UCC* 1-308

Phone number excluded as communication will be accepted only as addressed:
marc- duchesneau (family) beaumont
c/o Greg Boone
P.O. Box 727
Riverview, Florida 33568


JURAT


STATE OF FLORIDA      )
                      ) ss
COUNTY OF VOLUSIA )

Subscribed and sworn to (or affirmed) before me on this ___17th___ day of August, 2010, by marc- duchesneau beaumont, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____, NOTARY PUBLIC
Notary Signature

___DAVID COLBY___      Seal:
Notary printed name
My Commission expires: ___6/5/2013___

DAVID K. COLBY
Comm# DD0889828
Expires 6/5/2013
Florida Notary Assn., Inc

AFFIDAVIT AND PLAIN STATEMENT OF FACTS marc-duchesneau beaumont            Page 4

| | | |
|---|---|---|
| STATE OF FLORIDA | ) | **NOTARY CERTIFICATE OF SERVICE** |
| | ) | **Florida Notary Public Law Ch 117,** |
| COUNTY OF HILLSBOROUGH | ) | **Florida Statutes** |

Be it know that I, Gregory Boone, a duly empowered notary public, in and for the STATE OF FLORIDA, COUNTY OF HILLSBOROUGH, a third party and not a party to the matter for the sole purpose of certifying a response or want thereof, at the request of <u>Marc D. Beaumont</u>, did present on this day, the following documents to wit:

### AFFIDAVIT AND PLAIN STATEMENT OF FACTS

I hereby certify that after reviewing the documents, I placed said documents with the US Postal Service, Certified Mail No. <u>7009 2820 0000 6169 7171</u>, Return Receipt, prepaid and addressed to:

**SCOTT E SIMOWITZ, Et al.**
**800 Corporate Drive**
**Suite 500**
**Fort Lauderdale, Florida  33334**

I have hereunto set my hand and seal of office on <u>8/19/2010</u>.

_____ Seal
- Place Notary Signature Above -

GREGORY J. BOONE
MY COMMISSION # DD 882704
EXPIRES: May 17, 2013
Bonded Thru Budget Notary Services

Gregory Boone, Notary Public
P.O. Box 727
Riverview, Florida  33568

[Note: This Notary Public is not an attorney licensed to practice law in this state and has not given legal advice or accepted fees for legal advice; has no interest in any issue referenced therein. This Notary Public is NOT a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.]

STATE OF FLORIDA                    )    **NOTARY CERTIFICATE OF SERVICE**
                                    )    **Florida Notary Public Law Ch 117,**
COUNTY OF HILLSBOROUGH              )    **Florida Statutes**


Be it know that I, a duly empowered notary public, in and for the STATE OF FLORIDA, COUNTY OF HILLSBOROUGH, a third party and not a party to the matter for the sole purpose of certifying a response or want thereof, at the request of <u>Marc D. Beaumont</u>, did present on this day, the following documents to wit:

1.   CERTIFICATE OF NON-RESPONSE/ NON-PERFORMANCE

I hereby certify that after reviewing the documents, I placed said documents with the US Postal Service            <u>1ST CLASS MAIL</u>                , prepaid and addressed to:

SCOTT E SIMOWITZ, Et al.
800 Corporate Drive
Suite 500
Fort Lauderdale, Florida 33334


I have hereunto set my hand and seal of office on or about <u>3/10/2011</u>.


_____ Seal
- Place Notary Signature Above -

GREGORY J. BOONE
MY COMMISSION # DD 882704
EXPIRES May 17, 2013
Bonded Thru Budget Notary Services

Notary Public
P.O. Box 727
Riverview, Florida 33568


**[Note:** This Notary Public is not an attorney licensed to practice law in this state and has not given legal advice or accepted fees for legal advice; has no interest in any issue referenced therein. This Notary Public is NOT a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.**]**

## CERTIFICATE OF NON-RESPONSE/ NON-PERFORMANCE

STATE OF FLORIDA       )
                      )   ss

COUNTY OF HILLSBOROUGH     )

**PRESENTMENT**

Be it known, that, the person signing below, a duly empowered Notary Public, at the request of <u>Marc D. Beaumont</u>:

1. did duly present via Certified Mail#<u>7009 2820 0000 6169 7171</u> on <u>8/19/2010</u> the <u>AFFIDAVIT AND PLAIN STATEMENT OF FACTS</u> to <u>SCOTT E SIMOWITZ, Et al.</u> Respondent(s), the time limit having elapsed for rebuttal or acceptance thereof, which was refused by non-response/non-performance; and

**DEFAULT**

Whereupon, the Notary Public signing below, for the reason **dishonor by non-response/non-performance**, does publicly and solemnly certify the dishonor as against all parties it may concern for liability equivalent to all costs, damages and interest incurred, or hereafter incurred, by reason of non-response/non-performance thereof and **stipulations therein.**

**NOTICE**

The undersigned Notary Public, certifies that on <u>3/10/2011</u> Notice(s) of Default were sent to the parties noted below by depositing in a depository of the United States Postal Service within the State indicated herein a sealed envelope containing said Notices(s) directed to the respective person(s) or entity(ies) at the last known corresponding address noted below via      <u>1ST CLASS MAIL</u>:

**NAME & ADDRESS**
SCOTT E SIMOWITZ, Et al.
800 Corporate Drive
Suite 500
Fort Lauderdale, Florida 33334

GREGORY J. BOONE
MY COMMISSION # DD 882704
EXPIRES: May 17, 2013
Bonded Thru Budget Notary Services

**TESTIMONY**

In testimony of the above, I have signed my name and attached my official seal

_____      <u>3/10/2011</u>
Notary                           Date

GREGORY J. BOONE
...MISSION # DD 882704
...May 17, 2013
...Budget Notary Services

Void where prohibited by law      My Commission Expires <u>5/17/2013</u>

[Note: This Notary Public is not an attorney licensed to practice law in this state and has not given legal advice or accepted fees for legal advice; has no interest in any issue referenced therein. This Notary Public is NOT a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.]

| **SENDER:** *COMPLETE THIS SECTION* | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|

■ Complete item ___ , 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

A. Signature
X _Kelley Willie_   ☐ Agent   ☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery
_Kelley Willis_    8/24/10

D. Is delivery address different from item 1? ☐ Yes
  If YES, enter delivery address below: ☑ No

1. Article Addressed to:

Scott E. Simonitz
800 corporate Dr.
Suite 500
Fort Lauderdale, FL 33334

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
  *(Transfer from service label)*    7009 2820 0000 6169 7171

PS Form 3811, August 2001      Domestic Return Receipt      102595-01-M-2509